**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS A. SIMONIAN,<br><br>   Plaintiff,<br> v.<br><br>MAYBELLINE LLC,<br><br>   Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR FALSE PATENT MARKING**

  Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant MAYBELLINE LLC (sometimes referred to hereinafter as "Defendant") as follows:

**I.**

**NATURE OF THE CASE**

  1. This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

  2. As set forth below, Defendant MAYBELLINE LLC ("MAYBELLINE") has violated 35 U.S.C. §292(a), by marking certain of its products with United States Patent Number 4,887,622 ("the '622 Patent"), United States Patent Number 4,871,536 ("the '536 Patent"), United States Patent Number 4,898,193 ("the '193 Patent"), and United States Patent Number 4,993,440 ("the '440 Patent"), even though such patents are expired. The '622 Patent expired on November 30, 2007. The '536 Patent expired on July 28, 2008. The '193 Patent expired on October 20, 2007. The '440 Patent expired on July 27, 2009. The aforesaid patents are hereinafter sometimes referred to as "the Expired Patents." Defendant marks the packaging of

certain of its products with one or more of the Expired Patents with the intent to deceive the public and to gain a competitive advantage in the market.

3. Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.

## THE PARTIES

4. Plaintiff is an individual residing in Geneva, Illinois.

5. Defendant MAYBELLINE LLC is a limited liability company established under the laws of the State of New York with, on information and belief, its principal place of business at 575 5th Avenue, New York, New York 10017.

6. Upon information and belief, Defendant is a leading producer of beauty and makeup products, including mascaras.

## III.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

9. This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District. Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.

## **THE EXPIRED PATENTS**

10. The '622 Patent, entitled "Brush for the Application of Mascara to the Eyelashes," was filed on November 30, 1987, issued on December 19, 1989, and expired on November 30, 2007. A true and correct copy of the '622 Patent is attached hereto as Exhibit A.

11. The '536 Patent, entitled "Composition Based on Cationic Polymers, Anionic Polymers and Waxes for Use in Cosmetics," was filed on July 28, 1988, issued on October 3, 1989, and expired on July 28, 2008. A true and correct copy of the '536 Patent is attached hereto as Exhibit B.

12. The '193 Patent, entitled "Brush for the Application of Cosmetic Products," was filed on October 20, 1987, issued on February 6, 1990, and expired on October 20, 2007. A true and correct copy of the '193 Patent is attached hereto as Exhibit C.

13. The '440 Patent, entitled "Brush for the Application of Cosmetic Products, Mascara in Particular," was filed on July 27, 1989, issued on February 19, 1991, and expired on July 27, 2009. A true and correct copy of the '440 Patent is attached hereto as Exhibit D.

## V.

## **COUNT I**

14. Plaintiff incorporates paragraphs 1-13 as if fully set forth herein.

15. Defendant MAYBELLINE has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, for example, its XXLPRO BY EYESTUDIO branded mascara, its LASH DISCOVERY branded mascara, its FULL'N SOFT branded mascara, and its VOLUM' EXPRESS branded mascara.

16. XXLPRO BY EYESTUDIO branded mascara is currently sold in a number of different packaging variations. Exemplary packaging marked with one or more of the Expired Patents is shown below:





4

17. LASH DISCOVERY branded mascara is currently sold in a number of different packaging variations. Exemplary packaging marked with one or more of the Expired Patents is shown below:





5

18.     FULL 'N SOFT branded mascara is currently sold in a number of different packaging variations. Exemplary packaging marked with one or more of the Expired Patents is shown below:





19. VOLUM' EXPRESS branded mascara is currently sold in a number of different packaging variations. Exemplary packaging marked with one or more of the Expired Patents is shown below:




7

20. The instances of false marking shown in paragraph 16-19 are representative and not exhaustive.

21. When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an Expired Patent is not currently protected by such Expired Patent.

22. Upon information and belief, Defendant is a sophisticated company and has many decades of experience applying for, obtaining, and/or litigating patents.

23. Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that patent rights apply even after its expiration.

24. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the Expired Patents marked on its products have expired and/or do not cover the products to which the markings are affixed.

25. Upon information and belief, Defendant intentionally marked its products with the Expired Patents in an attempt to prevent competitors from entering the market and for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by one or more of the Expired Patents.

26. Each false marking on the Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

27. Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

28. Upon information and belief, Defendant knows, or reasonably should know, that marking its products with false patent statements was and is illegal under Title 35 United States

Code. At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

29. For at least the reasons provided herein, and/or for reasons which will be later evidenced, each Expired Patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

30. Thus, each Expired Patent marked on a product directly, or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a) A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b) An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c) An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d) All costs and fees incurred as a result of the prosecution of this action; and

(e) Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VII.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: March 10, 2010                                         Respectfully submitted,

                                                                                    s/ Joseph M. Vanek

                                                                              Joseph M. Vanek

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissman
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois  60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissman@emcpc.com